**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**  NO. 1:05CR080-WAP

**ANTHONY CABANISS**

## ORDER DENYING MOTION

This cause is before the court on the Defendant's motion for return of property under Rule 41(g). *See* Fed. R. Crim. P. 41. The Government has responded and this matter is ripe for review.

On September 22, 2006, the Defendant pled guilty to conspiracy to distribute marijuana for which he was sentenced to 84 months imprisonment. With the assistance of counsel, the Defendant timely appealed his sentence which was affirmed on August 7, 2008. Certiorari was denied on March 9, 2009. The Defendant has now filed a motion for the return of property seized in connection with his arrest and subsequent conviction. Specifically, the Defendant is asking for the return of $1,260.00 seized by the Mississippi Bureau of Narcotics and an automobile seized by the Tishomingo County Sheriff's Department. The Defendant has attached to his motion a copy of the notices of seizure and intent to forfeit. The Government opposes the motion on essentially three grounds. First, the Government argues that the Defendant is not entitled to hybrid representation. That is, he may not represent himself at the same time he is represented by counsel. Secondly, the Government submits that the property was never in the possession of federal law enforcement officers. Finally, the Government contends that the money and automobile have been forfeited.

A 41(g) motion may be brought after the defendant's conviction and is to be construed as a civil complaint. *Baily v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). A defendant typical seeks the return of property seized by the *Government* through a 41(g) motion. The fact that the Government does not have the property is ordinarily a ground for denial of the motion. *See United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983). In a recent unpublished opinion, the Fifth Circuit affirmed the denial of a federal prisoner's 41(g) motion finding that he had failed to show that

federal officers were involved in the actions which led to the seizure and forfeiture of his property. *United States v. Jones*, No. 05-51393, 202 Fed. Appx. 721, 722 (5th Cir. 2006). In yet another unpublished case, the Fifth Circuit concluded that a district court has no jurisdiction to hear a dispute regarding property seized and forfeited by the state and state officials. *Reyna v. United States*, No. 05-10878, 180 Fed. Appx. 495, 496 (5th Cir. 2006)

This case is indistinguishable from *Jones* and *Reyna*. The seizure of the Defendant's property was admittedly carried out by State officials. The notices of seizure and intent to forfeit dated February 2005 clearly identify the agencies seizing the property and their intent to initiate forfeiture proceedings. The Defendant, therefore, has failed to show the involvement of federal officials or that federal agents ever possessed the property. Accordingly, this court lacks jurisdiction to entertain a civil action related to the return of the Defendant's property. Thus, the motion (docket entry 153) is DENIED. The motion to strike (docket entry 154) is MOOT.

**SO ORDERED**, this the 14th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE