IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY CABANISS                                                                         PETITIONER

V.                                    NO. 105CR080-WAP

UNITED STATES OF AMERICA                                    RESPONDENT

**MEMORANDUM OPINION**

Presently before the court is the Petitioner's Motion to Vacate Sentence under to 28 U.S.C. § 2255. The Government has responded, the Petitioner has filed his traverse, and this matter is ripe for review. Having considered the parties' briefs and exhibits, the court finds that the motion is not well taken and shall be denied.

*A. Factual Background*

On September 28, 2005 Cabaniss was named in a three count indictment for various drug related offenses. After a hearing, the court denied three motions to suppress evidence. Following this holding, Cabaniss pled guilty to conspiracy to distribute marijuana sentenced to 84 months imprisonment. Cabaniss perfected an appeal. The Fifth Circuit Court of Appeals affirmed the sentence. An application for certiorari was denied by the United States Supreme Court on March 9, 2009. On or before March 9, 2010, Cabaniss filed this 2255 motion asserting essentially three grounds for relief:

| | |
|---|---|
| Ground One | Trial counsel was ineffective in the plea and sentencing hearings rendering the plea involuntary. |
| Ground Two | Trail counsel was ineffective by failing to investigate, question witnesses, and file the proper motions to suppress evidence. |
| Ground Three | The government breached the plea agreement. |

*B. Statute of Limitation*

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### C. Timeliness

The Respondent argues that Cabaniss' motion is time barred. As noted above, the Petitioner was sentenced on April, 12, 2007. Judgment was entered on April 23, 2007. The Petitioner pursued and appeal and petitioned the Supreme Court for a writ of certiorari which was denied on March 9, 2009. In order to be timely, his § 2255 motion should have been filed on or before March 9, 2010. The petition was received by this court on March 10, 2010. Therefore, the petition was obviously placed in the mail at the very latest on March 9, 2010, which would fall within the limitations period. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to *pro se* prisoners, a pleading is deemed filed when placed in the prison mail system). Contrary to the Government's assertion, the petition is not time barred.

### D. Standard for Review under Section 2255

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to

vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

*E. Discussion*

Grounds One and Two: Ineffective Assistance of Counsel

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

The court must apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. If the defendant can show that counsel's performance was deficient, then under the prejudice prong of *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Petitioner first avers that his trial counsel was ineffective by failing to explain the nature of the charges, and the consequences of the plea agreement. The Petitioner's current assertions, however, are contradicted by the record. During the change of plea hearing, the court cautiously reviewed the Petitioner's constitutional rights–the rights he was giving up by pleading guilty. The content of the plea agreement was read aloud. The court informed the Petitioner of the maximum possible sentence he faced. Each time, the Petitioner indicated he understood and, with this knowledge, he pled guilty. After making certain that he was fully informed, the court found that the Petitioner was competent to enter a guilty plea. The Petitioner's claim that he did not understand the nature of th charges and consequences of his plea cannot stand in the face of his sworn testimony. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

The Petitioner next argues that his attorney failed to investigate and file "proper motions" to suppress evidence. Again, the Petitioner's claims are contradicted by the record. Defense counsel filed three motions to suppress. The first one challenged the initial stop of the vehicle Cabaniss was driving. The second motion challenged the detention after the stop. The third motion sought suppression of the evidence recovered from the vehicle. Following a hearing, the motions were ultimately denied. Defense counsel filed a fourth motion to suppress which was subsequently denied. The initial stop, detention and related searches were thoroughly challenged. The Petitioner presents nothing that was not previously proffered to the court and taken into consideration. The

comprehensive motions to suppress belie any claim that defense counsel failed to conduct a proper investigation.

Furthermore, the denial of the motions to suppress was raised as an issue on direct appeal. Despite additional review, the Petitioner's conviction and sentence were affirmed. These issues, therefore, may not be revisited on collateral review.

The Petitioner has failed to carry the burden under *Strickland*. Each of his ineffective assistance of counsel claims does not rise to the level of deficient performance that would amount to a constitutional violation. Accordingly, Grounds One and Two are denied.

<u>Ground Three: The Government Breached the Plea Agreement</u>

In Ground Three, the Petitioner seems to suggest that the plea agreement was breached when the Fifth Circuit Court of Appeals affirmed the denial of the motions to suppress. The Petitioner states that the Fifth Circuit failed to review the suppression hearing issues and that such review had been reserved in the plea agreement.

The conditional plea agreement expressly reserved the "right to appeal the Court's denial of defendant's motion to suppress evidence." The Fifth Circuit did discuss the motions to suppress and reviewed this court's ruling which was affirmed. There is no basis in law or fact to conclude that the plea agreement has been breached. Cabaniss' Ground Three simply has no merit.

*F. Conclusion*

The Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. For all the foregoing reason, Cabaniss' motion shall be denied. The claims neither singularly nor collectively are sufficient to warrant federal habeas relief.

A final judgment in accordance with this opinion will be entered.

THIS the 18th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE